DECISION.
Defendant-appellant, Jennifer Giroux, appeals the judgment of the Hamilton County Court of Common Pleas, Domestic Relations Division, determining the level of child support in a divorce action. For the following reasons, we affirm the judgment in part, reverse it in part, and remand the cause for further proceedings.
Giroux and plaintiff-appellee, Dr. Joseph D. Thomas, were divorced in 1994. They had four children together, and, pursuant to the divorce decree, Giroux was designated the residential parent. Thomas, an orthopedic surgeon, was ordered to pay child support.
In April 2000, Giroux filed a motion for an increase in child support. In her motion, she contended, inter alia, that an increase was necessitated by the enrollment of two of the children in a private high school.[1] Several hearings on the motion were conducted before a magistrate. Following hearings on the objections of both parties, the trial court ordered Thomas to pay support based upon an annual salary of $280,000. The court further ordered Thomas to pay $5800 each for the tuition of the two oldest children. That amount, however, was ordered to be deducted from the amount of Thomas's annual child-support obligation. Giroux now asserts two assignments of error.
In her first assignment of error, Giroux argues that the trial court erred in calculating Thomas's annual salary to be $280,000. Specifically, she argues that the court erred in abandoning the method of calculation in which it had averaged the previous three years' bonuses and in failing to include in Thomas's income a $32,000 bonus he had received in 2000.
A trial court's decision with respect to child support is not to be disturbed on appeal unless the decision constitutes an abuse of discretion.[2] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was arbitrary, unreasonable, or unconscionable.[3]
In the case at bar, we find no abuse of discretion in the trial court's calculation of Thomas's income. Thomas's testimony indicated that he had changed practice groups in 2000 because of the questionable financial viability of his former employer. According to Thomas, the compensation at his new employer consisted of a higher base salary, with less emphasis on bonuses than was the case with his previous employer. He stated that he would receive a draw of $260,000, with a possibility of earning an additional $20,000, if his performance was sufficient. Based upon that evidence, the trial court could have reasonably concluded that the abandonment of the three-year averaging method and the institution of a year-by year method would more accurately reflect Thomas's income.[4]
Similarly, the trial court could have reasonably found that the $32,000 bonus received from Thomas's previous employer was a "nonrecurring or unsustainable" item of income pursuant to R.C. 3113.215(A)(2)(e). According to Thomas's testimony, he did not expect to receive bonuses in excess of $20,000 under his new pay structure, and the trial court could have reasonably held that the $32,000 bonus was an income or cash-flow item that "the parent does not expect to continue to receive on a regular basis."[5] The court's use of the $20,000 bonus figure was therefore not an abuse of discretion, and we accordingly overrule the first assignment of error.[6]
In her second and final assignment of error, Giroux argues that the trial court erred in reducing Thomas's child-support obligation by the entire amount of the private school tuition that Thomas was ordered to pay for the two oldest children. She contends that the reduction in child support was tantamount to placing the entire burden of the tuition on her, despite the evidence in the record that she was less capable than Thomas of shouldering that burden.
We agree that the trial court abused its discretion in this respect. We first note that both parties expressed the belief that private school was in the best interests of the children. Thus, the court was faced only with the decision of how to divide their responsibilities for the payment of tuition.
In making a downward deviation from the basic child-support guidelines, a trial court must find that the amount of child support indicated in the worksheet would be unjust or inappropriate and not in the best interests of the children.[7] The factors that the court is to consider in making a deviation from the worksheet are set forth in R.C.3113.215(B)(3).[8]
Although the trial court apparently considered these statutory factors, we can find no justification for its holding that the factors required a dollar-for-dollar reduction in child support to account for Thomas's payment of the tuition. The evidence indicated that Thomas's income was $280,000 per year, whereas Giroux earned $7,351 per year as a part-time nurse.[9] The record further indicates that Thomas owns substantial financial assets, well in excess of what Giroux owns.[10]
Finally, Giroux is obligated to support four children from her subsequent marriage, while Thomas has no children from his remarriage.[11] Under these circumstances, we hold unreasonable the dollar-for-dollar reduction in Thomas's child-support obligation to offset the private school tuition.[12] Accordingly, the second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with law on the issue of what adjustments, if any, should be made in the level of child support based upon Thomas's tuition obligations.
Judgment accordingly.
Doan, P.J., Hildebrandt and Gorman, JJ..
[1] Giroux later withdrew her request for an increase in support based upon the private-school tuition, but she did not withdraw her motion for a recalculation of support.
[2] Torbeck v. Torbeck (Sept. 28, 2001), Hamilton App. No. C-010222, unreported.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142.
[4] See "Worksheet," R.C. 3113.215. Since the trial court proceedings, R.C. 3113.215 has been repealed and recodified in R.C. Chapter 3119.
[5] R.C. 3113.215(A)(11). See, also, Miller v. Miller (Sept. 17, 1999), Hamilton App. No. C-980892, unreported.
[6] Although Giroux argues that the court should have included both the $32,000 figure and the $20,000 figure in calculating Thomas's income, we find no abuse of discretion in the trial court's implicit holding that the $52,000 sum would have created an unduly inflated support obligation, given that Thomas did not expect to receive such large bonuses in the future. The exclusion of the $32,000 was thus consistent with R.C. 3113.215(A)(2)(e). See Miller, supra.
[7] R.C. 3113.215(B)(3).
[8] See, also, Murray v. Murray (1999), 128 Ohio App.3d 662, 670-671,716 N.E.2d 288, 295.
[9] R.C. 3113.215(B)(3)(g)
[10] R.C. 3113.215(B)(3)(k).
[11] R.C. 3113.215(B)(3)(o).
[12] Thomas also suggests that his payment of tuition should be considered an "in-kind contribution" of support pursuant to R.C.3113.215(B)(3)(i). Even if this were the case, the reduction in support for the entire amount of the tuition is not justified in light of the other statutory factors.